**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**DREW WILSON, CA Bar No. 283616**
drew.wilson@cph.com
**CHRISTIE, PARKER & HALE, LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiffs/Counterdefendants,
Adia, LLC and Dr. Pamela M. Penson

**JAMES ANDREW HINDS, JR., CA Bar No. 71222**
jhinds@jhindslaw.com
**PAUL R. SHANKMAN, CA Bar No. 113608**
pshankman@jhindslaw.com
**HINDS & SHANKMAN, LLP**
**21257 Hawthorne Blvd., 2nd Floor**
**Torrance, CA 90503**
**Telephone: (310) 316-0500**
**Facsimile: (310) 792-5977**

Attorneys for Defendants/Counterclaimants
Nicholas A. Arquette and NAA, Inc.

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIA, LLC a California Limited Liability Company, and DR. PAMELA M. PENSON, an individual,<br><br>          Plaintiffs,<br><br>     vs.<br><br>NICHOLAS A. ARQUETTE, an individual, and NAA, INC., a California corporation,<br><br>          Defendants. | Case No. 2:15-cv-05684-MWF(JPRx)<br><br>**STIPULATED PROTECTIVE ORDER** |

I.      **INTRODUCTION**

          **WHEREAS**, in the course of this litigation disclosure will be sought of

information which a party or third party regards as being of a confidential and/or

-1-

proprietary nature, including, but not limited to, financial and other business information; and

**WHEREAS**, there is a need to establish a mechanism to protect the disclosure of such confidential or proprietary information in this action;

**GOOD CAUSE HAVING BEEN SHOWN**;

**IT IS HEREBY STIPULATED** that the following protective order shall govern the disclosure of confidential and/or proprietary information provided in discovery in this action by any party or third party.

## II.   DEFINITIONS.

The following definitions apply in this protective order:

A.    The designation "CONFIDENTIAL" may be applied by a party or third party to any type of information which that party or third party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential financial, business, personnel or related information.  The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed to earnestly be Confidential within the meaning of this Stipulated Protective Order.  All involved in making such designation shall act in good faith, and such designation shall not be made to impose burden or delay on an opposing party, for tactical or other advantage in litigation, or in order to avoid embarrassment.  Information designated as "Confidential" in accordance with this provision shall be treated as Confidential Information until it ceases to be covered by this Stipulated Protective Order.

B.    The designation "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be applied by a party or third party to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only.  This designation shall

CHRISTIE, PARKER & HALE, LLP

be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Stipulated Protective Order.

C.    "Confidential Information" refers to all information which is subject to the designations "CONFIDENTIAL," or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as described above.

D.    "Party" means every party to this action and every director, officer, employee, and managing agent of every party to this action.

E.    "Third Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

F.    "Order" means this Protective Order.

III.    **TERMS OF THE PROTECTIVE ORDER.**

    A.    **Materials Subject to Designation.**

All depositions, originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions; and all documents, materials, tangible things and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information") may be designated by the party or a nonparty producing the Information in conformity with the definitions set forth above.

    B.    **Treatment of "Confidential -- Attorneys Only" Information.**

Except as provided in below, information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than counsel of record for a party. Such information shall be used only for the purposes of this litigation, and shall not directly or

CHRISTIE, PARKER & HALE, LLP

1    indirectly be used for any business, financial or other purpose whatsoever.

2        **C.    Treatment of "Confidential" Information.**

3        Except as provided below, documents designated as "CONFIDENTIAL"

4    and all information derived therefrom (excluding such information as is derived

5    lawfully from an independent source) shall not be disclosed, given, shown, made

6    available, or communicated in any way to any person or entity other than counsel

7    of record for a party, the parties to this action and their current employees, and

8    third-party witnesses who counsel of record for a party believe have knowledge

9    which would be reasonably calculated to lead to the discovery of admissible

10   evidence.  Before disclosure to any person or entity other than counsel of record

11   for a party, the person to whom such information is to be disclosed shall execute

12   and deliver to the attorney of record making the disclosure a written agreement in

13   the form attached hereto as Exhibit A.  Such information shall be used only for

14   the purposes of this litigation, and shall not directly or indirectly be used for any

15   business, financial or other purpose whatsoever.

16       **D.    Outside Experts and Consultants.**

17       Documents designated as "CONFIDENTIAL -- ATTORNEYS' EYES

18   ONLY" and "CONFIDENTIAL" may also be shown to outside experts or

19   consultants, together with their clerical personnel, who are retained by a party in

20   connection with the preparation for trial or trial in this action, provided that

21   before disclosure to any such expert or consultant, the person to whom such

22   information is to be disclosed shall execute a written agreement in the form

23   attached hereto as Exhibit A.  The foregoing notwithstanding, any such expert or

24   consultant who is an employee of a competitor of any of the parties shall not be

25   shown or otherwise given access to documents or information designated

26   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"

27   and any such expert or consultant who is an employee of any of the parties shall

28   not be shown or otherwise given access to documents or information designated

CHRISTIE, PARKER & HALE, LLP

1    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2         **E.**     <u>**Request for Additional Disclosure.**</u>

3         If any counsel of record desires to give, show, make available or

4    communicate to any person apart from those permitted information designated as

5    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL,"

6    that counsel of record shall first obtain the written consent of the designating

7    party through such party's counsel of record or obtain leave of Court to do so.

8    Each person to whom the Confidential Information is to be given, shown, made

9    available or communicated must execute a written confidentiality agreement, in

10   the form attached hereto as Exhibit A.  Only after all of the foregoing conditions

11   have been fully satisfied may the Confidential Information be given, shown, made

12   available or communicated to any person other than those permitted under below.

13        **F.**     <u>**Record of Disclosure.**</u>

14        A file shall be maintained by the counsel of record making a disclosure to

15   third parties of all written agreements signed by persons to whom materials

16   designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or

17   "CONFIDENTIAL" have been given.  A copy of each such agreement shall be

18   sent to Counsel of Record for the designating party within five (5) days of

19   disclosure, and said file shall be made available for inspection and copying by

20   opposing counsel upon written request.

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

G.    **Manner of Designating Documents.**

A party shall designate documents containing Confidential Information by placing a legend in plain view on each page of any document that party wishes to protect against disclosure or use.  This legend shall state "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or  "CONFIDENTIAL," as appropriate.  A designation of Confidential Information as to anything of which inspection or sample has been requested shall be made by placing a "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties.  All documents and things shall be marked prior to the provision of a physical copy thereof to the other party.  Alternatively, documents may be made available for an initial inspection by counsel for the requesting (receiving) party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by counsel for the receiving party permitted access to anything designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the terms of this Order, prior to furnishing copies to the receiving party.  Such initial inspection shall not constitute waiver of confidentiality with respect to any document so inspected.

H.    **Initial Failure to Designate Information.**

The initial failure to designate Information "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in accordance with this Order shall not preclude any party, at a later date, from so designating the documents and to require such documents to be treated in accord with such designation from that time forward.  If such Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed Information, advise such persons of the claim of confidentiality, and have such

CHRISTIE, PARKER & HALE, LLP

persons execute written confidentiality agreements in the form attached hereto as Exhibit A.  With respect to any documents produced to date by either party or any depositions that have been taken to date, either party has until 30 days after the entry of this Order in which to designate all or part of any such document or deposition as containing "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" information.

### I.  Manner of Designating Depositions.

In the case of a deposition, counsel for such party may, at the commencement of such deposition, temporarily designate the entire deposition as "CONFIDENTIAL," provided, however, that where such an initial designation has been made, the designating party, within fifteen (15) days after receipt of the transcript, shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" those pages of the transcript as such party shall then deem confidential, (the confidential designation of all remaining pages being rescinded after such period), and shall notify the other party in writing which pages are deemed Confidential Information.  In the event that such notice is not sent within said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall thereafter be confidential unless the designating party thereafter notifies the other party that the failure to timely designate occurred by oversight.

### J.  Court Reporters.

Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Confidential Information, that all Confidential Information is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the attorney of record for the designating party or to the Court subject

to the provisions hereof.

**K.**     **Filing Documents With The Court.**

All information designated as Confidential Information which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information shall be filed or lodged under seal in compliance with Local Rule 79-5.

Upon default of the filing or lodging party properly to designate Confidential Information and file or lodge such information in accordance with this Order, any party who in good faith believes that designation and filing under seal is required may do so within five (5) days of learning of the defective filing or lodging.  Notice of such designation shall be given to all parties.  Nothing in this provision relieves a party of liability for damages caused by failure to properly file such information under seal.

**L.**     **No Effect On Party's Own Use.**

Nothing contained in this Order shall affect the right of a party to disclose or to use as it desires any information designated and produced by it as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

**M.**     **No Effect On Owner's Own Use.**

Nothing contained in this Order shall affect the right of a party to disclose or to use as it desires any information designated and produced by the opposing party as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to the extent that the information is owned by the receiving party as a result of the execution of the Agreement for Purchase and Sale of Membership Interest and Mutual Release of Claims attached to Docket No. 1 as Exhibit A.

**N.**     **No Effect On Disclosure to Author or Addressees.**

Nothing contained in this Order shall affect the right of a party to disclose any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES

CHRISTIE, PARKER & HALE, LLP

ONLY" or "CONFIDENTIAL" to the author or addressees of the document.

### O.  No Applicability to Public Information.

The restrictions on dissemination of confidential information shall not apply to (i) information which prior to disclosure hereunder is either in the possession or knowledge of an inspecting party or person who, absent this order, is under no restriction regarding its dissemination, or (ii) information which is public knowledge or which after disclosure, becomes public knowledge other than through an act or omission of a party receiving the confidential information.

### P.  No Applicability to the Court or Court Personnel.

The restrictions in this Order on receipt or dissemination of confidential information shall not apply to the Court or to Court personnel.

### Q.  Legal Effect of Designations.

The designation by a party of any document, material or information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" is intended solely to facilitate discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains confidential information.  This Order shall not prejudice the right of any party to bring before the Court a motion under Local Rule 37 seeking a declaration that information produced by the other party has been wrongfully designated as Confidential Information and should not be subject to the terms of this Order, provided, however that the receiving party shall first attempt to resolve the issue informally with the designating party.  A party bringing such motion shall have the burden of proving that the information designated as Confidential Information is in the public domain or was in possession of the receiving party prior to its disclosure through discovery in this action, or is otherwise not appropriately designated as Confidential Information. Failure to so designate any document or thing shall not constitute a waiver of any

claim by a party that such documents or things do contain proprietary information, and/or confidential information.

### R.    Final Disposition of Action.

Within 60 days after the final disposition of this action, including appeals, each counsel of record shall, upon the request of a party: (a) promptly return to counsel of record for the designating party all information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and all copies made thereof which are not in custody of the Court; or (b) promptly destroy or see to the destruction of all writings related thereto, and certify to the designating party that such destruction has been done. As an exception to the above, counsel of record may retain a single file copy of any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto. The copy of these retained documents shall be treated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.

### S.    Motion For Relief From Designation.

If, subsequent to a party's receipt of information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," it shall appear to such party that any such information is not of a nature warranting the protection afforded hereunder, such party shall first notify counsel for the designating party in writing, providing its reasons for challenging the designation.

The designating party shall then notify the objecting party in writing of the bases for the asserted designation within five (5) business days after receiving such written objection from the objecting party. The parties shall then confer in good faith in an effort to informally resolve the validity of the designating party's designation within ten (10) business days after the objecting party has received the designating party's notice of the bases for the asserted designation. Counsel

CHRISTIE, PARKER & HALE, LLP

for either party can grant an extension of time for this conference as mutually agreed upon by counsel for the parties.

If the dispute is not so resolved after fifteen (15) business days after notice of objection, the objecting party may bring a noticed motion in compliance with Local Rule 37 to be relieved of its obligations under this Order as to any such Information.  The producing party bears the burden of proof that any designated material meets the requirements for such designation.  The material shall in all respects be treated as Confidential Information from the time of original designation until the Court has determined the issue.

  **T.**  <u>Modification of Order.</u>

This Order shall not prevent any of the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

  **U.**  <u>Survival of Terms.</u>

Absent written modification hereof by the parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

  **V.**  <u>Submitting to Jurisdiction of the Court.</u>

Each person to whom disclosure of any designated Information is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Central District of California for the purpose of possible contempt proceedings in the event of any violation of this Order.

  **W.**  <u>Violation of Order.</u>

In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of

-11-

the terms of this Order and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law.  In the event that any confidential information is disclosed by a receiving party in violation of this order, the confidential information shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality.

## X.   **Subpoena in Another Action.**

Nothing in this order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.


**IT IS SO ORDERED.**


DATED: October 5, 2015

_____
Hon. Jean P. Rosenbluth
United States Magistrate Judge

CHRISTIE, PARKER & HALE, LLP

1    Stipulated and consented to by:

2

3                                    CHRISTIE, PARKER & HALE, LLP

4

5    DATED:  September 23, 2015      By:  _/s/_ Drew Wilson _____

6                                         Drew Wilson

7                                    Attorneys for Plaintiffs/Counter-
Defendants Adia, LLC and Dr. Pamela M.
8                                    Penson

9

10                                    HINDS & SHANKMAN, LLP

11

12    DATED:  September 23, 2015      By:  _/s/_ James A. Hinds, Jr. _____

13                                       James A. Hinds, Jr.

14                                    Attorneys for Defendant/Counterclaimant,
Nicholas A. Arquette, and NAA, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

CHRISTIE, PARKER & HALE, LLP

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2015, [date] in the case titled ADIA, LLC a California Limited Liability Company, and DR. PAMELA M. PENSON, an individual, Plaintiffs, vs. NICHOLAS A. ARQUETTE, an individual, and NAA, INC., a California corporation, Defendants., Case No. 2:15-cv-05684-MWF(JPRx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

CHRISTIE, PARKER & HALE, LLP

1

I hereby appoint _____ [print or type full name] of

2

_____ [print or

3

type full address and telephone number] as my California agent for service of

4

process in connection with this action or any proceedings related to enforcement

5

of this Stipulated Protective Order.

6

7

DATED: _____

8

9

_____

10

[City and State where sworn and signed]

11

12

_____

13

[Printed Name]

14

15

_____

[Signature]

16

17

18

AKS PAS1378347.1-*-09/25/15 1:44 PM

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP